*********** *Page 2 
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Chief Deputy Commissioner, assignments of error and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence or receive further evidence and having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of the Chief Deputy Commissioner.
 * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was an inmate in the custody of defendant. In his State Tort Claims action, plaintiff alleges that employees or agents of defendant committed acts of medical negligence in failing to provide timely medical treatment after a table fell on his right foot.
2. On April 13, 2006, defendant filed a Motion to Dismiss for plaintiff's failure to file an appropriate affidavit pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure.
3. An Interlocutory Decision and Order was entered on October 24, 2006, providing plaintiff 120 days within which to submit an affidavit that complies with Rule 9(j) of the North Carolina Rules of Civil Procedure from a medical expert who has reviewed plaintiff's claim for professional negligence and would be willing to testify.
4. The Interlocutory Decision and Order provided that if plaintiff did not provide the required Rule 9(j) affidavit, his action would be dismissed. More than 120 days passed without plaintiff submitting the required affidavit and consequently, this matter was dismissed on March 19, 2007. On March 30, 2007, plaintiff appealed the decision to the Full Commission.
 *********** *Page 3 
Based on the foregoing findings of fact, the Full Commission makes the following: CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. A plaintiff asserting a negligence claim against the State has the burden to prove that defendant breached a duty of care owed to plaintiff and that the breach was the proximate cause of plaintiff's alleged injury. The evidence must be sufficient to raise more than speculation, guess, or mere possibility. N.C. Gen. Stat. § 143-291.
3. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12
shall be dismissed unless:
 a. The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 b. The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or *Page 4 
 c. The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur."
4. Plaintiff has not provided an affidavit as required by Rule 9(j) of the North Carolina Rules of Civil Procedure within the time permitted by the Order entered on October 24, 2006 and the claim for medical negligence does not meet any of the exceptions for an affidavit. Therefore, plaintiff's appeal to the Full Commission must be dismissed. N.C. Gen. Stat. § 1A-1, Rule 9(j) and N.C. Gen. Stat. § 143-291(a).
 * * * * * * * *
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for benefits under the North Carolina Tort Claims Act is denied.
2. No costs are assessed as plaintiff was permitted to file this civil action in forma pauperis.
This the __ day of February 2008.
 S/_____________
 PAMELA T. YOUNG
 COMMISSIONER
CONCURRING:
 S/_____________ DANNY L. McDONALD COMMISSIONER *Page 5 
 S/_____________ CHRISTOPHER SCOTT COMMISSIONER *Page 1